```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JESSE POHLMAN,                                                  :
                                                                :
                    Plaintiff,                                  :
                                                                :       MEMORANDUM & ORDER
             -against-                                          :       19-cv-05277 (DLI) (RLM)
                                                                :
VILLAGE OF FREEPORT, ROBERT                                     :
EBERHART and VICTORIA DINIELLI,                                 :
                                                                :
                    Defendants.                                 :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Jesse Pohlman ("Plaintiff") brings this action alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the New York State Human Rights Law ("NYHRL"), N.Y. Exec. L. § 290 *et seq.*, against Defendants Robert Eberhart ("Eberhart") and Victoria Dinielli ("Dinielli") (collectively, the "Individual Defendants") and the Village of Freeport (the "Village") (collectively, "Defendants"). *See*, Complaint ("Compl."), Dkt. Entry No. 1. Defendants moved to dismiss pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, for insufficient service of process, failure to file a notice of claim, and, as to the Village only, as time barred. *See*, Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem."), Dkt. Entry No. 21 Ex. 1. Plaintiff opposed the motion and cross-moved for an extension of time for service of process. *See*, Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n"), Dkt. No 25 Ex. 1. Defendants replied. *See*, Defs.' Reply in Further Supp. of Mot. to Dismiss ("Reply"), Dkt. Entry No. 28. For the reasons set forth below, the motion to dismiss is granted in part and denied in part, and Plaintiff's motion for an extension of time is granted.

## BACKGROUND

The instant motions seek relief on procedural grounds. As such, the allegations set forth in the Complaint are not of particular relevance in deciding the motions. In sum, Plaintiff has been employed by the Village as a lifeguard since June 2001 and was promoted to Senior Lifeguard in 2006. Compl. ¶¶ 22-23. On January 26, 2018, Eberhart, who was responsible for scheduling hours for the Village's lifeguards, allegedly told Plaintiff that "Muslims like to behead one another." *Id.* ¶¶ 24-26. Plaintiff claims that he responded "by telling Eberhart that his discriminatory actions were unwelcome, offensive, and made plaintiff feel extremely uncomfortable." *Id.* ¶ 27.

A few days later, Plaintiff and another lifeguard agreed to exchange hours, a common practice for lifeguards employed by the Village. *Id.* ¶¶ 31-32. The following day, Eberhart told Plaintiff that he had "given away the [exchanged] hours," as Plaintiff was not allowed to exchange hours with other lifeguards due to his pay grade as Senior Lifeguard. *Id.* ¶ 34. When the next work schedule for Village lifeguards was released, Eberhart did not give Plaintiff any hours. *Id.* ¶ 39. Plaintiff met with Dinielli, the Village's Recreation Manager, and complained about Eberhart's practices, but Dinielli "willfully failed to investigate plaintiff's good faith claim of discrimination and retaliation." *Id.* ¶¶ 40-43. Eberhart and Dinielli allegedly continued to retaliate against Plaintiff during the summer of 2018, and Plaintiff made several additional complaints, including to Eberhart's predecessor and the Village's head of human resources. *Id.* ¶¶ 71, 144.

On August 10, 2018, Plaintiff filed claims with the Equal Employment Opportunity Commission ("EEOC") for "ongoing discrimination and retaliation against him." *Id.* ¶ 122. On September 16, 2019, within 90 days of receiving a right-to-sue letter from the EEOC, Plaintiff timely filed this action. *Id.* ¶ 123.

**LEGAL STANDARD**

 **I.**  **Rule 12(b)(5)**

On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient. *See*, *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). "A plaintiff must meet this burden by making a prima facie case of proper service through specific factual allegations and any supporting materials, and conclusory statements alone are not sufficient to overcome a defendant's sworn affidavit that service was improper." *W. Sur. Co. v. Bykev Int'l Inc.*, 2015 WL 5146112, at *2 (S.D.N.Y. Sept. 1, 2015) (quotation marks and citations omitted).

"In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp.2d 54, 64 (S.D.N.Y. 2010). "Rule 4(e) generally provides that individuals may be served by either (1) following the relevant state law procedures for service of the State where the district court is located or where service is made, or (2) personal delivery, leaving a copy at the individual's dwelling or usual abode with a person who resides there, or delivering a copy to an agent authorized to receive process." *Vidurek v. Koskinen*, 789 F. App'x 889, 893 (2d Cir. 2019) (summary order).

Rule 4(m) provides, in relevant part: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the

3

result of circumstances beyond its control." *Purzak v. Long Island Housing Servs., Inc.*, 2013 WL 5202711, at *4 (E.D.N.Y. Sept. 13, 2013).

### II.     Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (citations and quotation marks omitted).  The plausibility standard "does not require 'detailed factual allegations,' but it demands more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). *Iqbal* requires more than "'a formulaic recitation of the elements of a cause of action.'"  *Id.* at 681 (quoting *Twombly*, 550 U.S. at 555).  Where a complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557) (quotation marks omitted).

On a motion to dismiss for failure to state a claim, a court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See*, *Dangler v. N.Y.C. Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999).  Courts may consider only the complaint itself, documents attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken.  *See*, *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

## DISCUSSION

### I. Service of Process

Defendants contend that Plaintiff failed to serve the Village properly because he did not deliver the summons to the "mayor, clerk, or any trustee," as required by N.Y. C.P.L.R. § 311(6). *See*, Defs.' Mem. at 3. Plaintiff does not dispute that he failed to serve the Village, and counters that good cause exists for the Court to grant him an extension of time for service of process on the Village, or, alternatively, that the Court should exercise its discretion to extend the time to serve the Village. *See*, Opp'n at 4-7.

The thrust of Plaintiff's good cause argument is that he made a "diligent attempt" to serve the Village, but "the process server mistakenly left the summons and complaint that was supposed to be served on the Village at" the Freeport Recreation Center. *Id.* at 4. However, it is "counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served." *McKibben v. Credit Lyonnais*, 1999 WL 604883, at *4 (S.D.N.Y. Aug. 10, 1999) (citation omitted). An error of the process server is among the "various insufficient excuses that may not be considered as part of [a] plaintiff's argument in favor of a good cause extension." *Russo v. Estee Lauder Corp.*, 2010 WL 11629552, at *4 (E.D.N.Y. July 27, 2010); *See also, S. Bay Sailing Ctr., Inc. v. Standard Fire Ins. Co.*, 2017 WL 913625, at *10 (E.D.N.Y. Jan. 17, 2017), *report and recommendation adopted*, 2017 WL 912042 (E.D.N.Y. Mar. 7, 2017) ("[A] mistaken belief by a process server does not warrant a finding of good cause"). Accordingly, the Court finds that Plaintiff has failed to establish good cause that warrants an extension of time for service pursuant to Federal Rule of Civil Procedure 4(m).

"Courts have typically weighed four factors in determining whether to grant an extension of time absent good cause: '(1) whether the applicable statute of limitations would bar the refiled

5

action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'" *Harrison v. New York*, 95 F. Supp.3d 293, 319 (E.D.N.Y. 2015) (quoting *Purzak*, 2013 WL 5202711, at *5).

As to the first factor, "courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." *Purzak*, 2013 WL 5202711, at *5. Here, the statute of limitations would bar Plaintiff from refiling the action, as a claim under Title VII must be filed within 90 days of the claimant's receipt of a right-to-sue letter. *See*, *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) (citing 42 U.S.C. § 2000e–5(f)(1)).

The second factor also favors granting an extension of time as the Village had actual notice of Plaintiffs' claims no later than January 8, 2020, when Defendants filed a stipulation extending the Village's time to answer or otherwise respond to the Complaint. *See*, Dkt. Entry No. 17. Moreover, Defendants have failed to respond to Plaintiff's argument that the Village had actual notice of Plaintiffs' claims as early as June 21, 2019, when the right-to-sue letter from the EEOC was issued and sent to the Village by the EEOC. *See*, Opp'n Ex. C.

The third and fourth factors are neutral. There is no allegation that the Village concealed the defect in service, but Defendants fail to establish that the Village suffered undue prejudice from Plaintiff's failure to effect service properly. The Village argues that it is "obvious" that it would be harmed by an extension of the time for service, as such an extension would be beyond the limitations period for the action. *See*, Reply at 5-6. Notably, however, Defendants twice sought and were granted extensions of their time to respond to the Complaint. They also requested and

6

were granted an extension of time to file a reply in further support of the instant motion. *See*, Dkt. Entry Nos. 17, 19, 27. The Village now may not argue meaningfully that it would be prejudiced by an extension of time for Plaintiff to properly effect service. Moreover, the Village also has moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6). Under the circumstances presented here, it is unclear what undue prejudice the Village would suffer from an extension of time for service. Accordingly, the interest of justice warrants the Court's exercise of its discretion to grant Plaintiff an additional 30 days to effect service of process on the Village.

Defendants further contend that Plaintiff failed to serve the Individual Defendants properly, because Plaintiff "failed to mail" a copy of the summons and Complaint to the Individual Defendants at their respective last known residences or actual place of business, as required by N.Y. C.P.L.R. § 308(2). *See*, Defs.' Mem. at 5. Defendants produced affidavits from each of the Individual Defendants stating that they were not served personally with a copy of the summons and Complaint, nor did they receive the summons and Complaint by mail. *See*, Dkt. Entry No. 21. Ex. 2 Ex. C, Decl. of Victoria Dinielli ("Dinielli Decl.") ¶¶ 6-7; *Id.* Ex. D, Decl. of Robert Eberhart ("Eberhart Decl.") ¶¶ 2-3. In support of his opposition to the motion to dismiss, Plaintiff filed affidavits of service stating that a copy of the summons was mailed to each of the Individual Defendants at 130 East Merrick Road Freeport, NY 11520, the address of the Freeport Recreation Center. *See*, Dkt. Entry No. 25 Ex. B.

As relevant here, New York's "leave and mail" provision, N.Y. C.P.L.R. § 308(2), provides that personal service may be made by "delivering the summons . . . to a person of suitable age and discretion at the actual place of business . . . of the person to be served," *and* "mailing the summons . . . to the person to be served at his or her actual place of business." N.Y. C.P.L.R. § 308(2). "In New York, a process server's affidavit of service establishes a prima facie case of

7

the account of the method of service." *Old Republic Ins. Co. v. Pac. Fin. Servs. Of Am., Inc.*, 301 F.3d 54, 57 (citation omitted). "A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." *Id.* (citation omitted). "But no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits." *Id.* (quotation marks and citation omitted).

As an initial matter, Plaintiff's affidavits make a prima facie case of proper mailing of a copy of the summons to each of the Individual Defendants at their actual place of business. *See*, *European Am. Bank v. Abramoff*, 201 A.D.2d 611, 612 (2d Dep't. 1994) ("[S]ervice by mail is complete, regardless of delivery, where the mailing itself is proper." (citation omitted)). Moreover, the Individual Defendants' declarations each state only that they "have not received a copy of the Summons or Complaint in this Action by mail." *See*, Dinielli Decl. ¶ 7; Eberhart Decl." ¶ 3. Such conclusory declarations do not establish that mailing was not made properly to their actual place of business, and do not rebut the inference of proper mailing drawn from the process server's affidavit. *See*, *Abramoff*, 201 A.D.2d at 612 ("The bald denial of receipt of process served by mail is insufficient to rebut the inference of proper mailing which may be drawn from a duly executed affidavit of service."). Accordingly, Defendants' motion to dismiss for insufficient service of process as to the Individual Defendants is denied.

**II.     Liability Under Title VII**

The Complaint contains group pleading and is ambiguous as to whether Plaintiff intends to argue that the Individual Defendants violated Title VII. *See, e.g.*, Compl. ¶ 135 ("Defendants' [sic] acted knowingly, intentionally and with malicious intent . . . in direct violation of Title VII"). To the extent Plaintiff advances such a claim, the Court *sua sponte* dismisses the claim as to the

Individual Defendants for lack of subject matter jurisdiction, as individuals are not subject to liability under Title VII. *See*, *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1310 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742 (1998).

### III.     Notice of Claim

Defendants move to dismiss Plaintiff's state law claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted on the basis of Plaintiff's failure to comply with state law notice of claim requirements. *See*, Defs.' Mem. at 9. Specifically, Defendants contend that Plaintiff failed to file a notice of claim as required for an action against a Village by N.Y. Gen. Mun. L. § 50-i and N.Y. C.P.L.R. § 9802. *See*, Defs.' Mem. at 9. Defendants further contend that the Individual Defendants are entitled to the application of the notice of claim requirements, and, thus, dismissal of the state law claims, as they relate solely to actions taken by the Individual Defendants within the scope of their employment by the Village. *Id.*

In response, Plaintiff concedes that he did not file a notice of claim, but contends that filing a notice of claim is not required here, because employment discrimination claims under the NYHRL are not subject to notice of claim provisions, and that the same notice of claim argument was raised by defense counsel and rejected in *Skates v. Inc. Vill. of Freeport*, 2016 WL 1459659 (E.D.N.Y. Jan. 28, 2016), *report and recommendation adopted*, 2016 WL 1452391 (E.D.N.Y. Apr. 12, 2016). *See*, Opp'n at 7.

"To survive a motion to dismiss, a plaintiff must affirmatively plead that a notice of claim was filed." *Naples v. Stefanelli*, 972 F. Supp. 2d 373, 390 (E.D.N.Y. 2013). State notice of claim requirements apply to state law claims brought in federal court. *See*, *DeCarolis v. Town of Vienna*, 322 F. App'x 25, 26 (2d Cir. 2009) (summary order). N.Y. Gen. Mun. L. § 50–i, provides, in pertinent part:

9

> *No action . . . shall be prosecuted or maintained against a* city, county, town, *village . . . for personal injury . . . alleged to have been sustained by reason of the negligence or wrongful act of such* city, county, town, *village . . . unless*, (a) *a notice of claim shall have been made and served upon the* city, county, town, *village . . . in compliance with section fifty-e of this chapter*, . . . and (c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based . . . .

N.Y. Gen. Mun. L. § 50–i(1) (emphasis added). "N.Y. Gen Mun. Law [§] 50–e, referenced in N.Y. Gen Mun. Law [§] 50(1)(c), requires that a plaintiff must file a notice of claim prior to commencement of an action against a municipality, and must serve the notice of claim within 90 days after the claim arises." *Warner v. Vill. of Goshen Police Dep't*, 256 F. Supp.2d 171, 175 (S.D.N.Y. 2003).

> N.Y. C.P.L.R. § 9802 provides, in pertinent part:
>
> Except as provided otherwise in this chapter no action shall be maintained against the village upon or arising out of a contract of the village unless . . . a written verified claim shall have been filed with the village clerk within one year after the cause of action shall have accrued, and *no other action shall be maintained against the village* unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor *unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law*. . . .

N.Y. C.P.L.R. § 9802 (emphasis added).

The Court finds that N.Y. Gen. Mun. L. § 50-i and § 50-e do not apply to employment discrimination claims, including those under the NYHRL, as they are limited to claims "sustained by reason of negligence or wrongful act" and "founded in tort". *See*, *Skates*, 2016 WL 1459659, at *20 ("This Court agrees with Plaintiff that her employment discrimination claims are not founded in tort, and, therefore, not subject to the notice of claim requirement under Section 50–e or Section 50–i."); *See also, e.g.*, *Simpson v. New York City Transit Auth.*, 188 A.D.2d 522, 523 (2d Dep't. 1992) ("Employment discrimination claims brought pursuant to Executive Law § 296 are not subject to notice of claim provisions (*see*, General Municipal Law § 50-e; Public

10

Authorities Law § 1212)"); *Lane-Weber v. Plainedge Union Free Sch. Dist.*, 213 A.D.2d 515, 516 (2d Dept' 1995) ("[A]n action brought pursuant to Executive Law § 296 is not a tort claim. Therefore, such actions are not subject to the notice of claim provisions of either the Education Law § 3813 (2) or General Municipal Law § 50-e." (internal citations omitted)).

As to N.Y. C.P.L.R. § 9802, however, Plaintiff cites no authority for the proposition that the statute does not apply to employment discrimination actions, and the Court has found none. Indeed, by its terms, § 9802 applies to all types of claims, as it identifies both actions "against the village upon or arising out of a contract of the village," and any "other action," as within its ambit. *See*, N.Y. C.P.L.R. § 9802; *See also*, *Steimel v. Inc. Vill. of Rockville Ctr.*, 965 F. Supp. 366, 372 (E.D.N.Y. 1997), *aff'd*, 141 F.3d 1152 (2d Cir. 1998) (distinguishing N.Y. C.P.L.R. § 9802 from N.Y. Gen. Mun. L. § 50-e, and noting that the latter is applicable to "tort claims against public corporations"). Accordingly, Plaintiffs' state law claims against the Village are dismissed for failure to comply with the notice of claim requirement of N.Y. C.P.L.R. § 9802. *See*, *Gibson v. Commr. of Mental Health*, 2006 WL 1234971, at *5 (S.D.N.Y. May 8, 2006) ("Federal courts do not have jurisdiction to hear complaints from plaintiffs who have failed to comply with the notice of claim requirement, or to grant permission to file a late notice.").

Defendants further contend that the Individual Defendants are entitled to the application of the notice of claim requirements for bringing an action against a Village because the Individual Defendants were acting within the scope of their employment. This argument is meritless. Accepting as true all well pled factual allegations and drawing all reasonable inferences in Plaintiff's favor, the Court finds that the Individual Defendants' alleged conduct, which involved discriminatory statements and retaliation against Plaintiff, was not within the scope of their employment. *See, e.g.*, *George v. N.Y.C. Transit Auth.*, 2008 WL 4274362, at *3 (E.D.N.Y.

Aug. 21, 2008), *report and recommendation adopted*, 2008 WL 4274362 (E.D.N.Y. Sept. 17, 2008) ("Acts of workplace harassment and other intentional torts are generally not considered conduct within the scope of employment since they are often motivated by personal reasons."). For the reasons set forth above, the Court finds that N.Y. Gen. Mun. L. §§ 50-e and 50-i do not apply to employment discrimination actions; however, due to Plaintiff's failure to comply with the notice of claim requirements of N.Y. C.P.L.R. § 9802, Defendants' motion to dismiss Plaintiff's NYHRL claims against the Village is granted, but denied as to the Individual Defendants.

## IV.    Statute of Limitations

Finally, Defendants contend that Plaintiff's NYHRL claims are barred as to the Village only because they accrued outside of the one-year statute of limitations for an action against a Village provided by N.Y. C.P.L.R. § 9802. *See*, Defs.' Mem. at 9. This issue is moot as Plaintiff's NYHRL claims against the Village are dismissed due to Plaintiff's failure to file a notice of claim, and the Court need not address it.

[Rest of Page Intentionally Left Blank]

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss for insufficient service of process is denied, and Plaintiff's request to extend the deadline to serve Defendants properly is granted and extended to November 1, 2020.  In addition, Defendants' motion to dismiss for failure to state a claim is granted as to Plaintiff's New York State Human Rights Law claims against Defendant the Village of Freeport and denied as to Defendants Robert Eberhart and Victoria Dinielli.  To the extent Plaintiff advances claims under Title VII against Defendants Robert Eberhart and Victoria Dinielli, those claims are dismissed.  This action is referred to the magistrate judge for further pretrial proceedings.

SO ORDERED.

Dated: Brooklyn, New York
       September 30, 2020

                                              /s/
                                      DORA L. IRIZARRY
                                  United States District Judge